# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| EDDIE JAMES HORNE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:20-cv-01396-SGC |
| UNITED STATES OF AMERICA,[1] | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 8). Accordingly, the July 20, 2021 Report and Recommendation is **WITHDRAWN**, and this Memorandum Opinion is **SUBSTITUTED** in its place.

While an inmate at the Talladega Federal Correctional Institution ("FCI-Talladega"), the plaintiff, Eddie James Horne, filed a *pro se* complaint. (Doc. 1 at 6-10).[2] Horne alleges negligence and First Amendment violations by FCI-Talladega staff, based on his mail being withheld for 21 days in January 2020. (Doc. 1 at 6-

---

[1] As explained below, the plaintiff asserts claims under the Federal Tort Claims Act ("FTCA"). The United States of America is the only proper defendant to an FTCA claim. 28 U.S.C. § 2679; *United States v. Smith*, 499 U.S. 160 (1991). Accordingly, the United States is substituted as the defendant in place of the defendant named by the plaintiff as "Talladega FBOP FCI."

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system. They appear in the following format: (Doc. __ at __).

10). As relief, Horne seeks $2 million in monetary damages. (Doc. 1 at 8). For the reasons that follow, the court concludes: (1) Horne's motion to remand (Doc. 7) and motion to supplement the complaint (Doc. 14) are due to be denied; and (2) the defendant's motion to dismiss (Doc. 2) is due to be granted.

## I.  PROCEDURAL HISTORY

Horne filed his complaint, dated as signed on July 7, 2020, in Talladega County Circuit Court. (Doc. 1 at 7, 10). The state court docketed the complaint on August 24, 2020, and issued a summons. (Doc. 1 at 6-7). Counsel for the defendant first received notice of the lawsuit on September 4, 2020; on September 21, 2020, the defendant removed to this court pursuant to 28 U.S.C. § 1442(a)(1). (Doc. 1 at 1-4). Accompanying the notice of removal was a motion to dismiss for lack of jurisdiction due to Mr. Horne's failure to exhaust administrative remedies. (Doc. 2).

On October 1, 2020, the court ordered Horne to file any response to the motion to dismiss within 20 days. (Doc. 5). On October 9, 2020, Horne submitted a letter, which the Clerk docketed as a response to the motion to dismiss. (Doc. 6). On the same day, Horne also filed a Motion to Remand, to which the United States filed an opposition. (Docs. 7, 9). On April 12, 2021, Horne filed a motion to supplement the complaint, which the defendant opposed on April 13, 2021. (Docs. 14, 15).

## II.     STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

To survive a motion to dismiss for failure to state a claim on which relief may be granted brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (quotation marks omitted).

A *pro se* pleading "is held to a less stringent standard than a pleading drafted by an attorney" and is liberally construed. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). However, it still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## III.  FACTUAL ALLEGATIONS

On January 9, 2020, Horne asked Cashelia Strather, the mother of his child, to mail him a $7500.00 check via overnight delivery. (Doc. 7 at 4-6). Ms. Strather agreed and paid $25.50 to send Horne the check and some family photos via overnight delivery. (Doc. 7 at 3, 6). The items arrived at FCI-Talladega on January 10, 2020. (Doc. 7 at 6). On January 14, 2020, the warden approved Horne's receipt of the photos but rejected the check from Ms. Strather. (Doc. 7 at 4, 6). The "return to sender" form the warden mailed to Ms. Strather—along with the check— explained the check was unauthorized material because FCI-Talladega does not accept cash, money orders, or checks. (Doc. 7 at 4). The form also provided the address of the Bureau of Prisons ("BOP") office where inmate funds must be sent. (Doc. 7 at 4).

The postmark on the letter returning Ms. Strather's check is dated January 31, 2020. (Doc. 7 at 2). The same day, the photos and a copy of the "return to sender" form were delivered to Horne. (Doc. 7 at 5, 7; *see* Doc. 1 at 8). Horne alleges he suffered stress and anxiety during the 21 days he awaited delivery of his package. (Doc. 7 at 6). Horne reached out to the "R&D Department" for help and eventually spoke to an officer who was aggressive, rude, and profane. (Doc. 7 at 5, 7).

On June 11, 2020, Horne wrote an assistant warden in an attempt to informally resolve his issues regarding the package. (Doc. 7 at 2, 6). Horne claimed the check had expired because of the 21-day delay and also noted the R&D officer's poor behavior. (Doc. 7 at 6). Horne demanded $7500.00 in compensation and $25.50 as reimbursement for delivery costs. (Doc. 7 at 2, 6). After receiving no response, Horne sent a copy of his June 11, 2020 correspondence to the BOP's Regional Office. (Doc. 7 at 2).

## IV.  ANALYSIS

### A.  <u>Motion to Remand</u>

Horne's complaint, filed in Talladega County Circuit Court, alleges negligence and First Amendment violations against a federal defendant and seeks monetary damages. (Doc. 1 at 7-8). The defendant's notice of removal, which invokes 28 U.S.C. § 1442(a)(1), correctly notes Horne's claims fall under the Federal Tort Claims Act ("FTCA"). (Doc. 1 at 1-3) (citing 28 U.S.C. §§ 1346(b)(1) and

2671, *et seq.*). Horne's motion to remand does not present any arguments challenging the propriety of removal. (Doc. 7).[3]

As held by the Supreme Court, "the right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." *Willingham v. Morgan*, 395 U.S. 402, 406 (1969). The statute "cover[s] all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Id.* at 406-07. Accordingly, removal of this case was proper.

For the foregoing reasons, Horne's motion to remand is due to be denied.

**B.     Motion to Dismiss**

The defendant seeks dismissal of Horne's FTCA claims for lack of jurisdiction because he failed to exhaust his administrative remedies. (Doc. 2). The United States further asserts it cannot be sued for constitutional violations. (Doc. 2 at 3 n.1) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994)). The motion is due to be granted in its entirety.

---

[3] On January 4, 2021, Horne filed a document docketed as a notice. (Doc. 11). If construed as a response to the notice of removal or a brief in support of his motion to remand, this filing would be untimely. Nevertheless, Horne asserts the defendant's notice of removal was untimely. (Doc. 11 at 1). A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b)(1). Horne's timeliness argument is based on the nondescript August 19, 2020 stamp applied by the Talladega County Circuit Court. However, it is undisputed the complaint was filed in the circuit court on August 24, 2020. (Doc. 1 at 7). Moreover, Horne does not dispute the defendant's contention that it first received the complaint on September 4, 2020. Accordingly, the September 21, 2020 notice of removal was timely filed.

### 1. Federal Tort Claims Act

The FTCA "was designed to provide redress for ordinary torts recognized by state law." *Stone v. United States,* 373 F.3d 1129, 1130 (11th Cir. 2004) (per curiam); *see* 28 U.S.C. § 1346(b). "A plaintiff bringing a claim against the United States under the FTCA must first present the claim to the appropriate federal agency and wait for the agency to finally deny it." *Burchfield v. United States*, 168 F.3d 1252, 1254 (11th Cir. 1999) (citing 28 U.S.C. § 2675(a)). "A district court only has jurisdiction over an FTCA action if the plaintiff has met 2675(a)'s requirements." *Id.* at 1254-55 (citing *Bush v. United States,* 703 F.2d 491, 494 (11th Cir. 1983)). "Section 2675(a) is satisfied if the claimant (1) gave the appropriate agency written notice of the tort claim to enable the agency to investigate; and (2) stated a sum certain as to the value of the claim." *Orlando Helicopter Airways v. United States*, 75 F.3d 622, 625 (11th Cir. 1996).

Attached to the notice of removal is the declaration of Mary Kiwanuka, Senior Attorney for the BOP's Southeast Regional Office. (Doc. 1 at 6-12). Kiwanuka attests the plaintiff did not file an administrative tort claim prior to filing this matter. (Doc. 1 at 12). Horne claims he mailed an "SF-95 form" and a copy of the June 11, 2020 correspondence to the BOP's Regional Office in July 2020. (Doc. 6; Doc. 7 at 2). Horne speculates staff at FCI-Talladega may have retaliated against him by refusing to mail his correspondence to the Regional Office. (Doc. 6; Doc. 7 at 2).

Horne did not attach a copy of the SF-95 form to his complaint, nor has he ever produced a copy of the form to this court. Neither does Horne contend he ever contacted the Regional Office concerning receipt of his SF-95 form. Horne's June 11, 2020 correspondence to the assistant warden is not an administrative tort claim and cannot be substituted for an SF-95 form. Therefore, Horne has failed to produce evidence showing he filed an administrative tort claim prior to filing this lawsuit. Accordingly, this court lacks jurisdiction over the FTCA claims.

Moreover:

> Before instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed. 28 U.S.C. § 2675(a). Because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," the district court lacks subject matter jurisdiction over prematurely filed suits. *McNeil v. United States,* 508 U.S. 106, 113 (1993).

*Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008). Horne filed this lawsuit on August 24, 2010, less than two months after he claims to have filed his administrative tort claim. Absent a final denial of his administrative claim, Horne was required to wait at least six months to institute this lawsuit. 28 U.S.C. § 2675(a). Therefore, the court lacks subject matter jurisdiction to hear this case.

### 2.  **Constitutional Violations**

Horne cursorily asserts First Amendment violations from the 21-day delay in receiving his mail. (Doc. 1 at 8). In his motion to supplement the complaint, Horne

contends his transfer from FCI-Talladega to Marion U.S. Penitentiary in Marion, Illinois, was retaliation for filing this lawsuit. (Doc. 14 at 1-2).

The defendant correctly notes it cannot be sued for constitutional violations. (Doc. 2 at 3 n.1) (citing *Meyer*, 510 U.S. at 484-86). "[A] plaintiff may not bring a *Bivens* action against a federal agency or federal officer in his official capacity." *Solliday v. Fed. Officers,* 413 F. App'x 206, 209–210 (11th Cir. 2011) (citing *Corr. Sevs. Corp. v. Malesko,* 534 U.S. 61, 71, (2001)). Accordingly, any claims under the First Amendment are due to be dismissed for failure to state a claim, and the motion to supplement the complaint is due to be denied as futile.

## V. CONCLUSION

For all of the foregoing reasons, the court finds: (1) Horne's motions to remand and to supplement the complaint are due to be denied (Docs. 7, 14); (2) the defendant's motion to dismiss is due to be granted (Doc. 2); and (3) the claims in this matter are due to be dismissed without prejudice for failure to state a claim and for lack of subject matter jurisdiction.

A separate order will be entered.

**DONE** this 6th day of August, 2021.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

9